IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN KEITH,  )
 )
                Petitioner,  )
 )
v.  )    Case No. 23-3109-JWL
 )
D. HUDSON, Warden, USP-Leavenworth,[1]  )
 )
                Respondent.  )
 )
_____)

## MEMORANDUM AND ORDER

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that he has not received certain credit towards his release date. For the reasons set forth below, the Court **denies** the petition.

### I.    Background

On September 17, 2019, petitioner was sentenced to a term of imprisonment of 92 months in the United States District Court for the Eastern District of Texas, after having pleaded guilty to a charge of being a felon in possession of a firearm. In his petition in the

---

[1] Although petitioner named the United States of America as the respondent in his petition, the Court has substituted D. Hudson, Warden of the United States Penitentiary at Leavenworth (petitioner's place of confinement), as the sole respondent in this matter, as the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242, 2243).

present case, filed on April 20, 2023, petitioner claims that although his original judgment of conviction was silent on the issue, his sentencing court has since ordered that his federal sentence is to run concurrently with his state court sentences. Petitioner attached to the petition a denial of his administrative claim. In that denial, the Bureau of Prisons (BOP) noted petitioner's request for credit for time spent in state custody from February 1, 2019 until November 16, 2020; noted that because the sentencing court did not order a concurrent sentence, his federal sentence was deemed to run consecutively to state court sentences; stated that credit was unavailable under 18 U.S.C. § 3585(b) because petitioner's time in state custody had been credited against his state sentences; interpreted petitioner's request as one for a retroactive concurrent designation; and stated that it would ask petitioner's sentencing court for its position on the issue, after which time the BOP would make a decision.

Petitioner also attached to his petition an unsigned order from his sentencing court denying relief in that court but stating the court's intent that petitioner's sentence run concurrently with state sentences he received for relevant conduct. That document is actually a *proposed* order, however, which the Government submitted to the sentencing court with a brief in which it conceded that petitioner's federal sentence "should have been ordered to run concurrently with any anticipated state sentence that was relevant conduct to his federal offense." Based on that concession, respondent in the present case requested and was granted an extension to respond to the petition to allow the sentencing court to rule on the motions pending before it. On May 24, 2023, the sentencing court ordered that petitioner's sentence shall run concurrently with his April 15, 2020, state court sentence

for related conduct; and the court further instructed the BOP to address petitioner's administrative claim in accordance with that order.

On June 15, 2023, petitioner filed in this Court a sworn statement in which he argues that although his projected release date has been recalculated and moved up to November 2025, he should also receive credit for time in state custody beginning on February 1, 2019, which credit would move his projected release date to September 9, 2025. Respondent then filed a response in which it confirms that the BOP has acted on the sentencing court's order and has thus recalculated petitioner's projected release date to November 8, 2025, based on a concurrent federal sentence running from the federal sentencing date, with credit for time in state custody dating back to April 2, 2019 (and allowing for particular days of earned and projected good time credits, the amount of which petitioner does not dispute). Respondent opposes the additional 60 days of credit sought by petitioner, however. Petitioner has not filed a traverse or reply brief.

## II. Analysis

In light of the sentencing court's order and the BOP's recalculation of petitioner's release date based on a concurrent federal sentence, the parties' dispute turns on whether petitioner should also receive credit for 60 days in state custody beginning on February 1, 2019. Respondent first argues, however, that the Court should not address the merits of that dispute. Respondent argues that the petition should be denied as moot because the BOP is now treating petitioner's sentence as a concurrent one, as petitioner requested in the petition. Petitioner did not expound on that basic claim in the form petition, but he

attached the BOP's denial of his administrative claim, and thus the Court interprets the petition as asserting the same claim on which he exhausted his administrative remedies. The BOP's denial states that claim as one seeking credit for state custody beginning on February 1, 2019. Because petitioner has not received such credit under the BOP's recent recalculation, the Court declines to deem the present controversy moot. For the same reason, the Court rejects respondent's argument that petitioner has not exhausted his administrative remedies with respect to his claim for credit for time in custody dating back to February 1, 2019.

Respondent also suggests that the Court should not consider the statement that petitioner filed on June 15, 2023, in which petitioner disputes the correctness of the recalculation, because petitioner was not granted leave to file a supplemental pleading pursuant to Fed. R. Civ. P. 15(d). The Court again denies respondent's request to foreclose a merits-based review of the remaining issue. The Court would have granted a request for such leave, and thus the Court in its discretion will consider the statement.

In disputing the correctness of the BOP's recalculation, petitioner argues that he should receive the additional 60 days of credit because his federal sentence is to run concurrently with his state sentences imposed for relevant conduct, and that the disputed 60 days in custody resulted from a charge of failing to identify that stemmed from the same traffic stop that led to his federal conviction. Indeed, before the sentencing court, the Government proposed an order stating that the federal sentence was to run concurrently with state sentences received for relevant conduct. The sentencing court's actual order is narrower, however, as it provides that the federal sentence runs concurrently specifically

4

with petitioner's "April 15, 2020, state court sentence for related conduct." Based on that language, the BOP has given petitioner credit for time in custody on petitioner's seven year state-court sentence, which was imposed on April 15, 2020. That order does *not* extend to petitioner's separate 60-day sentence, imposed on February 4, 2019. Thus, because petitioner's federal sentence does not run concurrently with that 60-day state-court sentence, the Court rejects petitioner's claim for credit for that 60 days in custody.

In addition, as respondent points out, petitioner would not be entitled to such credit under 18 U.S.C. § 3585(b) because that time in state custody was credited against the state-court 60-day sentence. *See id.* Petitioner has not addressed these points in any reply brief. Nor has petitioner in his petition or his subsequent statement identified any other basis for receiving the disputed credit against his federal sentence. Accordingly, the Court denies the petition for relief under Section 2241.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of August, 2023, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5