IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN KEITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 23-3109-JWL |
| ) | |
| D. HUDSON, Warden, USP-Leavenworth, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

By Memorandum and Order of August 15, 2023, the Court denied petitioner's *pro se* petition for habeas corpus under 28 U.S.C. § 2241. In response to the resulting judgment against him, petitioner has filed a letter asking the Court to consider an additional exhibit, which letter the Court has construed as a motion for reconsideration of the denial of his habeas petition (Doc. # 13). For the reasons set forth below, the Court **denies** the motion.

In his original petition, petitioner claimed that he should receive credit against his federal sentence for time spent in state custody serving two state-court sentences, even though his judgment was silent concerning whether the federal sentence is to run concurrently with any state sentence. Petitioner's federal sentencing court then ordered that petitioner's federal sentence should run concurrently with an April 15, 2020, state court sentence for related conduct. Based on that order, the Bureau of Prisons (BOP) recalculated petitioner's projected release date. In a subsequent filing, petitioner argued to

this Court that he should also receive an additional 60 days of credit for time spent in state custody serving a different state-court sentence.

The Court rejected that argument and thus denied the petition. The Court noted that although the Government had proposed an order stating that the federal sentence was to run concurrently with state sentences received for relevant conduct, the sentencing court's actual order was narrower, providing that the federal sentence runs concurrently specifically with petitioner's "April 15, 2020, state court sentence for related conduct." Because that order did *not* extend to petitioner's separate 60-day sentence, imposed on February 4, 2019, this Court concluded that petitioner's federal sentence does not run concurrently with that 60-day state-court sentence, and therefore that petitioner is not entitled to the additional credit.

By his present motion, petitioner purports to submit paperwork from his federal sentencing court indicating that court's intent that the federal sentence run concurrently with both state sentences for related conduct. Petitioner's exhibit is *not* an order from the sentencing court, however; rather, it is a copy of the Government's brief to that court. In that brief, the Government conceded that the federal sentence should run concurrently with petitioner's state-court sentences for related conduct; and it further conceded that the 60-sentence was indeed for relevant conduct. Nevertheless, as noted in this Court's previous order, the sentencing court's subsequent order states that petitioner's federal sentence runs concurrently only with a different state-court sentence, without any reference to the 60-day sentence imposed on February 4, 2019.

In light of the Government's concessions before sentencing court, this Court is sympathetic to petitioner's position. Nevertheless, the Court is bound to uphold the sentence actually imposed by the sentencing court, which does not allow for credit for the 60-day state-court sentence. If petitioner believes that the sentencing court erred in failing to provide additional relief in accord with the Government's concessions, he must make such a claim by seeking relief in that court. The Court therefore denies petitioner's present motion for reconsideration.

IT IS THEREFFORE ORDERED BY THE COURT THAT the motion for reconsideration of the Court's denial of the petition for habeas corpus (Doc. # 13) is hereby **denied**.

IT IS SO ORDERED.

Dated this 12th day of September, 2023, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge